### BENJAMIN F. BRIGHTMAN *vs.* JOHN HICKS.

An oral promise to pay a debt, made to the creditor by a person to whom property subject to a lien for the debt is transferred by the debtor, without any release of the creditor's claim either on the debtor or the property, is within the statute of frauds.

An oral promise to answer for the debt of another, within the statute of frauds, cannot be given effect by estoppel, merely because it has been acted upon by the promisee and not performed by the promisor.

CONTRACT. The declaration contained a count on an account annexed for labor and materials furnished on and for three light-boats; and also a special count, which set forth that the plaintiff contracted with Stephen Andrews, then the owner of the boats, to furnish certain labor and materials on and for them, and entered upon his duty under the contract; that the defendant became interested in the boats and desirous that the plaintiff should complete the contract; that the plaintiff was secured in his contract by a lien on the boats; that Andrews became insolvent, and the defendant, for the purpose of causing the plaintiff to continue his work and labor, and intending to prevent him from asserting his lien upon the boats, repeatedly made promises to him that he would pay him and would see him paid, and would pay him as the purchase money for the boats came from the United States government, to which the builder of the boats had a contract to deliver the boats, if they were found acceptable and satisfactory to the government inspector; that the plaintiff, in consequence of said promises, and relying thereon, continued to furnish work and materials on and for the boats, and completed his duty under the contract, and became entitled to a certain sum, and also to certain further sums for other work and materials furnished on and for the boats by the direction of the defendant, and refrained from prosecuting his lien against the boats; that the boats passed into the possession of the United States government, and the plaintiff's remedy was lost, and his power of asserting his lien and security was annulled and lost; and that the United States government paid the sum of $47,000 for the boats, and thereupon the plaintiff called upon the defendant for his pay aforesaid, but the defendant, though sufficiently in funds from said payment of $47,000, wholly refused to pay the plaintiff.

The case was referred to an auditor, who found that the plaintiff should recover only a certain sum, for extra work done on the boats and not included in his original contract. At the trial in the superior court, it was not disputed that the plaintiff was entitled to this sum; and *Reed*, J., directed a verdict limiting him thereto, and reported for the determination of this court the case of which the substance is stated in the opinion.

*T. M. Stetson*, (*F. B. Greene* with him,) for the plaintiff.

*G. Marston*, (*C. W. Clifford* with him,) for the defendant.

GRAY, J. The law is well settled in this Commonwealth, that, when property subject to a lien is transferred by the debtor to a third person, the latter is not liable to an action by the creditor, unless he has made a direct promise either to the debtor or the creditor to pay the debt; and that such a promise to a creditor, who neither gives up his claim against the original debtor, nor any lien upon the property, is a promise to answer for the debt of another, and must be in writing in order to satisfy the statute of frauds. *Mellen* v. *Whipple*, 1 Gray, 317. *Exchange Bank* v. *Rice*, 107 Mass. 37. *Carr* v. *National Security Bank*, Ib. 45. *Nelson* v. *Boynton*, 3 Met. 396. *Curtis* v. *Brown*, 5 Cush. 488. *Furbish* v. *Goodnow*, 98 Mass. 296. *Ames* v. *Foster*, 106 Mass. 400.

In this case, the original contract was between the plaintiff and Stephen Andrews, then the owner of the vessels, and created a debt from Andrews to the plaintiff, secured by lien on the property; and the only promises of the defendant were made orally to the plaintiff. Assuming that it would be competent for a jury to infer, from the admissions of the defendant, that the vessels had been transferred to him, (which would hardly be consistent with the terms of the plaintiff's own bills and of his petition to enforce the lien, or with the testimony and certificate of Vaughan, the official superintendent of the work,) the fatal difficulty remains, that there is no evidence whatever that the defendant ever promised Andrews to pay the plaintiff, or that the plaintiff ever released Andrews from his liability, or discharged the vessels from the lien, or agreed to look to the defendant in the place and stead of Andrews.

The allegations in the last count of the declaration, that the defendant's promises to the plaintiff were made with the intent and purpose of inducing him to continue his work on the vessels and of preventing him from asserting his lien thereon, and that the plaintiff, relying upon such promises, went on and completed the work, and refrained from prosecuting his lien until, by the vessels passing into the possession of the United States, his remedy against them was lost, (even if deemed to be supported by the evidence,) cannot enable him to maintain this action. There is no allegation of fraud on the part of the defendant, or that, at the time of making the promises relied on, he did not intend to perform them. A promise, upon which the statute of frauds declares that no action shall be maintained, cannot be made effectual by estoppel, merely because it has been acted upon by the promisee and not performed by the promisor.

*Judgment on the verdict.*