GUSTAVUS D. DOWS & another *vs.* GEORGE W. SWETT.

Suffolk.    March 17. — May 6, 1876.    AMES & MORTON, JJ., absent.

An oral guaranty of the payment of the note of a third person, given in payment of a debt of the guarantor, is within the statute of frauds.

CONTRACT upon a promise of the defendant to pay the note of a third person to the plaintiff, upon default of the promisor. The answer set up the statute of frauds.

At the trial in the Superior Court, before *Pitman*, J., without a jury, it appeared that the plaintiffs sold to the defendant certain goods, taking in part payment his due bill, which was reduced by subsequent payments to $200. For this balance the defendant offered to the plaintiffs the note of one Robinson, payable to their order, which they accepted, and at the same time they gave up the said due bill in settlement, and he orally promised that, if the note was not paid by Robinson at maturity, he would pay it.

The plaintiffs, after the note became due, sent it to Robinson's place of business and residence for payment, but did not find him, and thereupon demanded payment of the defendant, who refused it. The judge found that the plaintiffs had used due diligence in attempting to collect the note of Robinson, and that there had been due demand upon the defendant.

The defendant requested the judge to rule that the plaintiffs could not recover. The judge refused so to rule, and found for the plaintiffs for the amount of the note and interest, " upon and by reason solely of the verbal promise, which he found, as a fact, that the defendant did make; and held and ruled that, it appearing that the leading and immediate object of the defendant in giving and verbally guaranteeing the note of Robinson was the payment of his own debt, the promise was not to be considered as collateral to the debt of another, but as creating an original obligation from the promisor, — a part of the mode and manner in which he was to pay his own debt, — and so was not within the statute, although one effect of its performance would be to discharge Robinson's liability." The defendant alleged exceptions.

*J. B. Richardson,* for the defendant.

*D. B. Gove,* for the plaintiffs.

GRAY, C. J. The defendant was doubtless once liable for the goods sold and delivered to him, and upon the due bill which, upon paying part of the price of the goods, he gave to the plaintiffs for the balance. But upon his procuring and delivering to them the note of Robinson, as the bill of exceptions states, " they at the same time gave up the said due bill to him in settlement," and he orally promised to pay Robinson's note at maturity, if Robinson did not. The claim of the plaintiffs, and the finding of the court, did not proceed upon the defendant's liability for goods sold, but solely upon this oral promise of his, thereby necessarily assuming that his previous liability had been settled and discharged by the giving and receiving of the note of Robinson. Upon this state of facts, the only direct liability was that of Robinson upon his note, and the oral promise of the defendant to pay that note, if Robinson did not, was a collateral promise to pay Robinson's debt, and as such within the statute of frauds. Gen. Sts. *c.* 105, § 1. *Nelson* v. *Boynton,* 3 Met. 396. *Ames* v. *Foster,* 106 Mass. 400. *Brightman* v. *Hicks,* 108 Mass. 246. *Gill* v. *Herrick,* 111 Mass. 501.                   *Exceptions sustained.*