GUSTAVUS D. DOWS & another *vs.* GEORGE W. SWETT.

Suffolk. March 6. — Sept. 4, 1879. MORTON & ENDICOTT, JJ., absent.

If, in an action on a promise to pay the debt of a third person, the defendant's exception to a ruling that the case is not within the statute of frauds, is sustained by this court and a new trial granted, it is open to the plaintiff at the new trial to put in evidence, other than that introduced at the first trial, to take the case out of the statute.

If a declaration contains more than one count, and the plaintiff at the trial obtains a verdict on one count only and waives the others, and the verdict is set aside by this court on the defendant's exceptions, the plaintiff is not precluded at the new trial from putting in evidence in support of the counts previously waived.

CONTRACT, with a count in tort. The first count alleged that the plaintiffs sold to the defendant certain goods, taking in part payment his due bill, which was reduced by subsequent payments to $200; that the defendant had a note of one Robinson payable to the plaintiffs' order in the sum of $200, and represented to the plaintiffs that it would be an accommodation to him for the plaintiffs to take Robinson's note in exchange for the balance of the due bill ; and agreed that, if the note was not paid by Robinson at its maturity, the defendant would pay it himself; that upon this agreement the plaintiffs received the note and gave

the due bill therefor; that Robinson neglected and refused to pay the note; and that the defendant, though often requested, refused to pay it. The second count set forth the same facts, and averred that the plaintiffs were induced to take the note by reason of the false and fraudulent representations of the defendant in regard to the pecuniary responsibility of Robinson. The third count was on the due bill. The answer to the first count was the statute of frauds; to the second count, a general denial; and to the third count, a general denial, and that the due bill had been paid by the note of Robinson.

After the former decision, reported 120 Mass. 322, sustaining the defendant's exception to a ruling that the promise relied on in the first count, though oral, was not within the statute of frauds, the case came on for trial in the Superior Court, before *Wilkinson,* J., without a jury. The plaintiffs contended and asked the judge to rule that it was still open to them to put in evidence, in support of the first count, to show that the principal object of the transaction was to benefit the defendant, and not to secure the debt of Robinson; and that it was also open to the plaintiffs to put in evidence in support of the other counts. It was admitted that, at the previous trial, the plaintiffs, relying solely on the promise set forth in the first count, and this promise being verbal, waived all claim for or upon any false or fraudulent representations.

The judge declined to rule as requested; but ruled that, as it appeared that the plaintiffs at the former trial relied solely on the first count, and the promise relied on having been held to be within the statute of frauds, the plaintiffs could not now proceed under any of the counts; and found for the defendant. The plaintiffs alleged exceptions.

*D. B. Gove,* for the plaintiffs.

*J. B. Richardson,* for the defendant.

SOULE, J. When this case was first before us, 120 Mass. 322, the decision turned on the form of statement in the bill of exceptions, as distinctly appears in the opinion of the court. The construction given to the exceptions was that the finding in favor of the plaintiff was based solely on the oral promise of the defendant to pay Robinson's note, to the exclusion of all consideration of the other circumstances of the transaction; the court

saying, in the opinion, that the finding assumed that the defend-ant's previous liability had been settled and discharged by the giving and receiving of the note of Robinson, and that, on this state of facts, the promise of the defendant was a collateral promise, and within the statute of frauds. The decision goes no farther than this, and does not deal with the case which is pre-sented when the facts show that the principal object of the transaction is the payment of the defendant's debt. That case is carefully excluded from the decision.

The finding of the Superior Court in favor of the plaintiffs having been set aside by the order of this court in sustaining the defendant's exceptions, the case stood in the Superior Court as if it had never been tried, precisely as a case which has been tried by a jury stands after exceptions to rulings at the trial have been sustained. The plaintiffs were therefore entitled to present their evidence and obtain such finding as it should appear to the pre-siding judge to warrant. There is no presumption of law that the evidence would be identical with that given at the first trial, nor that the findings would coincide in all particulars with the findings at the first trial. *Robinson* v. *Trofitter*, 106 Mass. 51.

The plaintiffs' declaration contains inconsistent counts. The first count is founded on the oral promise of the defendant to pay Robinson's note. The second is founded on alleged fraudulent representations of the defendant, by which the plaintiffs were in-duced to exchange the defendant's due bill for Robinson's note. The third count is on the defendant's due bill. The first count is on the contract; the second is in direct repudiation of the contract ; and the third is in repudiation of the contract, being founded on the due bill which was given up when the contract was made, and can be in force only on the theory that the con-tract was fraudulent, and not binding on the plaintiffs, and there-fore the title to the due bill remains in them. Such joinder of inconsistent counts may be taken advantage of by demurrer, and when this is not done the court may properly, on motion, compel the plaintiff to elect on which count he will proceed, and order the other stricken out, or a verdict to be returned for the defendant thereon, or, when the trial is without a jury, find for the defendant thereon. *Mullaly* v. *Austin*, 97 Mass. 30. Had this course been taken at the first trial, the second and third

counts of the declaration would have been finally disposed of. But there was no verdict nor finding for the defendant, and the counts were not stricken out.

The consequence is, that, though the plaintiffs waived all claim to a verdict in their favor on those counts, they remain a part of the record, and their rights with regard to them were at the second trial precisely the same as if the case had not been tried before.                    *Exceptions sustained.*