GUSTAVUS D. DOWS & another *vs.* GEORGE W. SWETT.

Suffolk. Nov. 16, 1882. — Jan. 10, 1883. W. ALLEN & HOLMES, JJ., absent.

An oral guaranty of the payment of the note of a third person, given in payment of a debt of the guarantor, is within the statute of frauds, even if the principal object of the transaction is the payment of the guarantor's own debt.

C. ALLEN, J. This case, unfortunately, must be sent back for another trial, and it becomes desirable to state more fully the principles on which its determination must depend. The declaration alleges, in substance, that the defendant was indebted to the plaintiffs in the sum of $200 for the balance due on a due-bill given to them for goods sold and delivered by them to him, and that he asked them to take in exchange for

the sum due on said due-bill a promissory note for the same sum which he had caused to be made, and which was signed by one Robinson, and made payable to the order of the plaintiffs; and, to induce the plaintiffs to make said exchange, the defendant agreed that, if said note should not be paid by Robinson at its maturity, he, the defendant, would pay it himself; that upon this verbal guaranty the plaintiffs received the note, and gave therefor the due-bill; that the note was not paid by Robinson, and that the defendant refuses to fulfil his said agreement. There was evidence at the trial tending to show that in 1874 the plaintiffs brought an action against the defendant upon their account for goods sold and delivered, and that at the trial of said action in 1874 it appeared that the bill for the goods was settled by check and by the said due-bill, and that the due-bill also was paid by cash, merchandise and said Robinson's note; whereupon a verdict was taken for the defendant, upon which judgment was rendered.

The difficulty in the case seems largely to depend upon the unusual state of facts; there having been an action brought by the plaintiffs against the defendant upon his original indebtedness to them, in which action a judgment was rendered for the defendant.

Where a note of a third party is taken by a creditor from his debtor, for or on account of a preëxisting debt, or on a consideration then first accruing, it may be received either in absolute payment, conditional payment, or as collateral security. And in every case it may be shown by evidence what was the actual transaction, and on what terms the note was received. *Butts* v. *Dean*, 2 Met. 76. *Parham Sewing Machine Co.* v. *Brock*, 113 Mass. 194. Where such note is taken in absolute payment of a preëxisting debt, or of a liability for money lent, service rendered, or other consideration accruing at the time of taking it, the effect, of course, is to extinguish the liability of the person who transfers the note, and to substitute therefor the liability of the parties to the note, as the sole subsisting obligation. But where the note is taken as collateral security, or in conditional payment, the right of action against him who makes the transfer is not defeated altogether, but is, at most, only suspended during the time the note has to run, and revives

again upon the nonpayment of the note at its maturity. The original indebtedness in such case is not discharged, unless the note is paid. *The Kimball*, 3 Wall. 37. Byles on Bills (6th Am. ed.) 236, 380, 385. 2 Am. Lead. Cas. (4th ed.) 250, 251, and cases cited. *Belshaw* v. *Bush*, 11 C. B. 191, 206. *Valpy* v. *Oakeley*, 16 Q. B. 941. *Miles* v. *Gorton*, 2 Cr. & M. 504, 512.

In the latter class of cases, the transaction is as if the debtor said: "I owe you a debt. Take this note, and collect it if you can. If you get the money on it, that will pay you. If you do not, I will myself pay you what I owe." In all such cases, the defendant's promise is in effect to pay his own debt, and it is not necessary that such promise should be in writing, though incidentally the debt of a third person is guaranteed. And many of the decisions of courts, which at first sight may appear to · hold that an oral guaranty of the note of another, which is transferred on account of a debt due from the guarantor, is not within the statute of frauds, will on a careful examination be found not to rest on the principle above stated, and not to be necessarily inconsistent with our own conclusion in the present case. For example, in *Milks* v. *Rich*, 80 N. Y. 269, 271, Earl, J., after stating that "the reasoning to take this promise out of the statute is quite subtle, and I should have much difficulty in yielding it my assent, but for the authorities which I think ought now to control," goes on to say: "The defendant's promise may be regarded, in effect, not as a collateral promise to answer for the default of Marsh, but as a promise to pay the plaintiff for the money he had had, in case Marsh did not pay him, like the promise of one to pay his own debt, in case a third person did not pay it." In *Bruce* v. *Burr*, 67 N. Y. 237, the decision rests on the same distinction; and both cases refer, for authority, to *Cardell* v. *McNiel*, 21 N. Y. 336, where Comstock, C. J., in delivering the opinion of the court, said: "In mere form it was certainly a collateral undertaking. . . . . But, looking at the substance of the transaction, we see that the defendant paid, in this manner, a part of the price of a horse sold to himself. In a sense merely formal, he agreed to answer for the debt of Cornell. In reality he undertook to pay his own vendor so much of the price of the chattel, unless a third person should make the payment for him,

and thereby discharge him." In all these cases, it will be observed that the court carefully put the decision on the express ground that the original debtor is not discharged, and his debt is not extinguished, until the note is actually paid. So in Pennsylvania, in *Taylor* v. *Preston*, 79 Penn. St. 436, 441, Mr. Justice Woodward, a high authority, says, the statute does not require the promise to be in writing " where it is in effect to pay the promisor's own debt, though that of a third person be incidentally guaranteed; it applies to the mere promise to become responsible, but not to actual obligations " — i. e. of the promisor. " Buying the land, the promise to pay for it, whatever the form, was a promise to pay their own debt." It " was not only a stipulation to pay a debt which Preston owed, but a stipulation to pay the price of property they had bought." To the same effect are *Townsend* v. *Long*, 77 Penn. St. 143, and *Malone* v. *Keener*, 44 Penn. St. 107.

The above suggestions will not reconcile all the cases; but in our opinion they are sufficient to show the just grounds on which the application of the clause of the statute of frauds now under consideration depends. When the present case was first before this court, 120 Mass. 322, the decision was put expressly on the ground that the defendant's previous liability had been settled and discharged, so that the only existing direct liability was that of Robinson upon his note; and under this state of things the defendant's oral promise to pay the note, if Robinson did not, could not be treated as a promise to pay a subsisting debt of the defendant, but only as a collateral promise to pay Robinson's debt, and as such was within the statute of frauds. Upon further consideration, we adhere to that decision as a correct exposition of the law. When the case came a second time before this court, 127 Mass. 364, the point determined was that the plaintiffs were not precluded by what had happened before from relying on the second and third counts; and for this reason a new trial was properly granted. · An additional statement in the opinion may have led to the inference that, in the view of the court, if the leading and chief object of the defendant's promise was in effect to pay his own debt, it should be considered in substance that the defendant guaranteed his own debt, and that therefore his promise to pay Robinson's note, if Robinson should

not, was not within the statute of frauds; and the learned judge of the Superior Court, upon the new trial, so ruled. But we think this ruling cannot be supported, as applicable to the case, as it comes before us. If Robinson's note was not taken in absolute payment, and if the due-bill was still an existing liability, then the defendant's promise might perhaps be found, as matter of fact, to have been intended and accepted as a promise to pay the due-bill. But if the note was taken in absolute payment, then the liability of the defendant was of course extinguished, and it follows that the only remaining direct liability was that of Robinson on his note, and the promise of the defendant could be treated only as collateral. The declaration is on a promise to guarantee Robinson's note, and it is not a case for saying that the declaration is inartificial, and that in substance and effect it sets out a promise by the defendant to pay his own debt; because, in the first place, the declaration appears to have been very carefully drawn, and, in the second place, the evidence tended to show that the plaintiffs in their former action sought to recover on their own debt, and failed.

It does not distinctly appear whether there was then a count upon the due-bill, as representing a cause of action distinct from that for goods sold and delivered. But in the present action the third count was upon the due-bill, and it has been stricken out, upon the order of the judge that the plaintiffs should elect upon which count they would proceed to trial. The due-bill is out of the case. Only the first count remains. The question, therefore, is now distinctly presented, whether· the defendant can be held liable on an oral promise to guarantee the note of a third person, transferred by him to his creditor, when that promise cannot by any construction be enforced as in reality a recognition of, or a promise to pay, his own preëxisting debt. To hold him liable, under such circumstances, would be to hold him to a greater liability than if he had put his name upon the back of the note, and would be inconsistent with the Gen. Sts. c. 105, § 1.                            *Exceptions sustained.*

*J. B. Richardson*, for the defendant.

*D. B. Gove*, for the plaintiffs.