ALVARADO GRAY, Executor *vs.* ETTA F. GRAY.

Hancock.    Opinion July 17, 1913.

*Conversion.    Delivery.    Evidence.    Gifts.    Inter Vivos.    Possession.*
*Trover.    Will.*

1. The law requires gifts inter vivos to be completed by actual delivery to the donee or to some person for him, unless the property which is the subject of the gift is at the time in the possession of the donee.

2. If the property which is the subject of the gift is in the possession of donee, the evidence to establish the gift must be clear and satisfactory that the donor had relinquished all control of and claim to the property which is the subject of the gift.

3. The delivery may be proved by circumstances, but the circumstances proved must clearly and satisfactorily show delivery.

4. When the gift is claimed between husband and wife, the possession by the alleged donee is presumed to be the possession of the donor.

On report. Judgment for the plaintiff. Damages $1,050, with interest from date of the writ.

This is an action of trover by the executor of the last will and testament of Lewis F. Gray and against Etta F. Gray, testator's widow, to recover damages for the alleged conversion of a bond for one thousand dollars of the Lewiston, Augusta and Waterville Street Railway Company, and alleged to be of the value of one thousand dollars, gold coin of the value of one hundred and fifty dollars, and bank bills, gold and silver certificates of the value of sixty-five dollars. The defendant claimed that all of the above enumerated property was given and delivered to her by her husband, Lewis F. Gray. The defendant pleaded the general issue. At the conclusion of the evidence, by agreement of the parties, the case was reported to the Law Court with the stipulation that if, upon the evidence a verdict for the defendant, or verdict for the plaintiff based upon conversion of currency only, could be sustained, the case shall be remanded for trial; otherwise, judgment shall be rendered for the plaintiff for such sum as the Law Court shall determine.

The case is stated in the opinion.

*Deasy & Lynam,* for plaintiff.

*Peters & Knowlton,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, PHILBROOK, JJ.

HALEY, J. This is an action of trover by Alvarado Gray, executor of the will of Lewis F. Gray, against Etta F. Gray, the widow of said Lewis, to recover the value of a one thousand dollar bond, of the Lewiston, Augusta & Waterville Street Railway Co., gold coin of the value of one hundred and fifty dollars, and bank bills and gold and silver certificates of the value of sixty-five dollars.

At the conclusion of the testimony the case was taken from the jury and reported to this court upon the following stipulation:

"That if upon the evidence a verdict for defendant, or a verdict for the plaintiff based upon conversion of currency only, could be sustained, the case to be remanded to trial; otherwise judgment to be rendered for the plaintiff for such sum as the court shall determine."

It is admitted that, at the date of the writ, the defendant was not liable in trover for the gold coin, and that she had used the sixty-five dollars in bank bills and gold and silver certificates above mentioned.

Lewis F. Gray died July 25, 1911, testate. The plaintiff was appointed executor of his will, which was proved and allowed September 5, 1911. The will was dated May 1, 1911, the first item of which was, "I give and bequeath to my wife Etta F. Gray all my bank books and their contents." In three other items of the will, he gave and bequeathed to his two children by his former wife, the rest of his small estate. In August, 1910, Lewis F. Gray purchased the bond in question through Robert B. Holmes. September 28, 1911, the defendant left the bond mentioned in the writ with her attorney, to deposit in a safety deposit box for safe keeping. Her attorney wrote the plaintiff a letter September 29th denying the plaintiff's right to the bond, and at the trial the defendant claimed that the bond was her property.

By the stipulation in the report, this court is only called upon to determine whether or not a verdict for the defendant upon the testimony introduced for the value of the bond can be sustained.

In passing upon that question we must look at the case as if a verdict for the defendant had been returned, as the jury might have believed all the testimony that tended to sustain the defendant's position, that the bond had been given to her by her husband in his lifetime, and might have rejected as unreliable all the testimony that tended to support the plaintiff's contention, that there had not been a completed gift.

The testimony tending to sustain the position of the defendant is, in substance: In August, 1910, Lewis F. Gray purchased the bond in dispute, and when he purchased it, inquired if the bond could be made out in his wife's (defendant's) name. He was told that it could not, that it was a coupon bond and negotiable. He said he wanted his wife to have the bond and was told, "All you have got to do, is to give it to her the same as you would anything else that you wanted her to have." May 1, 1911, he made his will, by the terms of which he gave his bank books to his wife, and his will did not mention the bond. The last of June or first of July,

1911, the bond was in his possession, in a tin box with his bank books and other valuable papers. A witness testified that Mr. Gray told him the 6th of July, 1911, that he wanted him to see his will, that he called for the box, opened it, and took out all the papers, and said to the witness, Merrill Howard, "I am worth $10,000, I have given my wife $3,000 in *money*," that he passed the will and papers to the witness who looked them over, and after examining the bank books said, "Did I understand you to say that you had given your wife $3,000 in *money*," and he said, "Yes," to which the witness replied, "I only see about $2,100 here mentioned in the bank books," and Mr. Gray then replied, "the other I have made all right with her, I have fixed the other all right with her."

The proved facts, considered in their most favorable view for the defendant, show, that when Mr. Gray purchased the bond, he intended to give it to his wife, that he afterwards made a will and did not give it to her by will, but gave her by will his bank books, and retained possession of the bond. The last of June or first of July, two months after the will was executed, the bond was in his possession, and he died in about three weeks after it was seen in his possession, and the witness Merrill testified he did not see the bond among Mr. Gray's papers July 6th. Two months after his death, the bond is proved to have been in the possession of the defendant, there being no evidence of when or how she obtained it, or how long it had been in her possession, except as it may be inferred from the testimony of Mr. Merrill.

The defendant contends that, from the above facts and circumstances, the jury would be authorized to find that the bond had been given to her, and the gift completed by actual delivery in the lifetime of her husband.

The law requires gifts inter vivos to be completed by actual delivery to the donee, or to some person for him, unless the property which is the subject of the gift is at the time in the possession of the donee, in which case the evidence must be clear and satisfactory that the donor had relinquished all control of and claim to the subject of the gift, and when the gift is claimed, as in this case, between husband and wife, the possession by the alleged donee is

presumed to be the possession of the alleged donor, unless the contrary is clearly proved. · The evidence to justify a jury in finding a delivery that makes a complete gift inter vivos, first advanced after the death of the alleged donor, must be clear, satisfactory and convincing. The delivery may be proved by circumstances, but the circumstances proved must clearly and satisfactorily show a delivery. *Lane* v. *Lane,* 76 Maine, 524; *Savings Institution* v. *Titcomb,* 96 Maine, 63; *Drew* v. *Hagerty,* 81 Maine, 233; *Hanson* v. *Millett,* 55 Maine, 184; *Marshall* v. *Jaqueth,* 134 Mass., 140.

The only evidence in this case claimed to have a tendency to prove a delivery is, the alleged statement testified to by Mr. Merrill, that the alleged donor said he had given his wife $3,000 in money, and it is urged that, because he had by his will given her from $2,100 to $2,200 in money, and stated that he had fixed the other all right with her, he meant he had given her the bond in dispute. The fair inference from the language would be that he had fixed the other with her by giving her money, but not by his will; that inference is as reasonable as it is to infer that he meant he had given her the bond. He may have meant he had given her the bond, and he may have meant he had given her other property; he said he had given her money, therefore it is not a declaration that clearly and satisfactorily proves a delivery.

In *Hahn* v. *Dean,* 108 Maine, page 556, it is stated, "To constitute a valid gift inter vivos delivery is essential. No intention, however clear, nor declaration, however strong, can take its place."

The evidence in the case it not sufficient to authorize a jury to find a completed gift of the bond in the lifetime of Mr. Gray to the defendant, and the judgment should be for the plaintiff for the value of the bond $985.00 and $65.00 the amount of the bills converted, with interest from the date of the writ.

> *Judgment for plaintiff, damages $1,050.00, with*
> *interest from the date of the writ.*

KING, J. I do not concur in the conclusion reached by the majority of the court. There is no doubt as to the principles of law applicable to the question involved. Delivery must be proved in

order to constitute a gift inter vivos, but the fact of delivery may be proved by circumstances. After a painstaking examination ot the record in this case, it seems to me that a jury would have been justified, from all the facts and circumstances disclosed in the evidence, in finding that the bond in question became the property of Mrs. Gray before her husband's death by a gift to her from him completed by delivery.

MR. JUSTICE SPEAR and MR. JUSTICE HANSON concur in this view.