Hillsborough, }
Feb. 4, 1936. }

ARTHUR ANDERSON *v.* L. WOODBURY LORD.

*Bolic A. Degasis* and *Doyle & Doyle* (*Mr. Robert J. Doyle* orally), for the plaintiff.

*Robert B. Hamblett* and *Robert E. Earley* (*Mr. Hamblett* orally), for the defendant.

ALLEN, C. J.   The plaintiff concedes that the evidence of intent to make a gift is sufficient, but contends that there was no valid delivery.   Reliance is placed upon the authority of *Bean* v. *Bean*, 71 N. H. 538, in which the court says (543): "... in both classes of gifts [*causa mortis* and *inter vivos*] there must be ... an actual delivery of the subject-matter at the time of the declaration [of gifts] or accompanying it so nearly as to be one transaction, and that an 'after-acquired possession, or a previous and continuing possession of the donee, though by authority of the donor, is insufficient' ..."   If the case of *Cutting* v. *Gilman*, 41 N. H. 147, is properly cited in the opinion in the *Bean* case to support its statement in respect to gifts *causa mortis*, the cases (*Reed* v. *Spaulding*, 42 N. H. 114; *Marston* v. *Marston*, 21 N. H. 491; *Sanborn* v. *Goodhue*, 28 N. H. 48; *Marcy* v. *Amazeen*, 61 N. H. 131) said to sustain it for gifts *inter vivos* go no further than to require delivery, without consideration of its accompaniment in point of time with the declaration of gift.

The essentials of a gift *causa mortis* do not here need definement. Such transactions are now regulated by statute (P. L., *c.* 297, *s.* 17) providing that "actual delivery of the property to the donee shall be

proved by two indifferent witnesses." But as the cited statement in *Bean* v. *Bean* is contrary to practical justice in respect to the requirement that in a gift *inter vivos* the declaration and delivery, actual or constructive, must concur in point of time, even when the delivery precedes the declaration, its authority has been considered. It is held to incorrectly set forth the proper rule. As already said, the cases cited in support of the limitation do not take such an extreme position, and the statement itself is but dictum. The *Bean* case held that at the trial therein reviewed no valid evidence of any delivery was introduced, and hence the issue whether delivery may be antecedent or subsequent to the declaration was not raised.

A declaration of gift when delivery is to be made at a later time is a promise of the later delivery. It is unenforceable as a contract because the element of consideration is not present. It is not a gift because delivery is withheld. But when delivery has preceded the declaration, the declaration imports no promise. Nothing remains to be done. The elements of a gift are all to be found. In another view, the right to a return of the property is relinquished. The donee is given a discharge of the obligations of the previously existing bailment. The discharge is valid, whether or not a price is paid for it. Williston, Contracts, *s.* 727.

When delivery is already accomplished and perfected, there can be no act of constructive or symbolic delivery to make it more perfect. At best special ceremonies or intensive steps can be no more than confirmatory or of stronger, additional, and more persuasive evidence.

In *Tenbrook* v. *Brown*, 17 Ind. 410, the court held as follows: ". . . if the property is at the time of the gift in the possession of the donee, . . . it is not necessary that the donee should surrender to the donor his actual possession, in order that the latter may re-deliver the same to him in execution of the gift; but if the donor relinquishes all dominion over the thing given, and recognizes the possession of the donee as being in his own right, and the latter accepts the gift, and retains the possession in virtue thereof, the gift is complete."

In *Cain* v. *Moon*, [1896] 2 Q. B. 283, 289, the court said with pertinent force: "Suppose a man lent a book to a friend, who expressed himself pleased with the book, whereupon the lender, finding he had a second copy, told his friend that he need not return the copy he had lent him; it would be very strange if in such a case there were no complete gift, the book being in the possession of the intended donee."

In the case of *In re Stoneham*, [1919] 1 Ch. 149, the court took a

practical view in this language: "From a common sense point of view it seems to me strange that articles already in the possession of an intended donee could not be effectually given by word of mouth without first removing them from the possession of the intended donee and then handing them back to him." The same thought is summarized in *Goodrich's Ex'r* v. *Bank*, 81 Vt. 147, where the court holds repossession in the donor and redelivery to the donee to be "a useless ceremony not required by law."

Authority is practically in unanimous accord with this rule. Besides the cases already cited the following uphold it: *Gray* v. *Gray*, 111 Me. 21; *Providence Institution* v. *Taft*, 14 R. I. 502; *Miller* v. *McMechen*, 33 W. Va. 197; *Barnes* v. *Banks*, 223 Ill. 352; *In Re Alderson*, 64 L. T. R. (N. S.) 645. See also 28 C. J. 638, and other cases cited; 12 R. C. L. 936; Williston, Contracts, *s.* 727.

It is argued that the declaration of gift here was conditional, and not absolute. The evidence is that when the donee asked the testator if he did not wish to put a price on the paintings, the latter replied: "No, those pictures are going to hang there [in the donee's inn] for the next hundred years, and those pictures are yours." In further examination the witness testified on the point merely that the testator said they were the witness's. The statement accompanying the declaration was evidently rhetorical to emphasize the donee's full and sole ownership. It was meant to remove the restrictions of the prior bailment, and not to impose a condition upon the donee's title under the gift. Even if this were not so, the statement was evidence of the donee's right to retain possession, and therefore supports the general verdict for the defendant.

*Judgment on the verdict.*

MARBLE, J., was absent: the others concurred.