NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-780                                          Appeals Court

NANCY BARRIE-CHIVIAN & another[1]  vs.  MARK LEPLER.

No. 14-P-780.

Middlesex.     March 2, 2015. – July 31, 2015.

Present:  Katzmann, Milkey, & Agnes, JJ.

Contract, Promissory estoppel.  Estoppel.  Guaranty.  Frauds,
    Statute of.

Civil action commenced in the Superior Court Department on
June 24, 2010.

The case was tried before Peter B. Krupp, J.

David B. Stein for the defendant.
James A. Schuh for the plaintiffs.

MILKEY, J.  After the defendant admitted at trial that he

orally agreed to guarantee a loan, a jury found him liable for

nonpayment of that loan based on a theory of promissory

estoppel.  On appeal, the defendant argues that the plaintiffs'

claim was barred by the Statute of Frauds.  We affirm.

_____

    [1] Noah Chivian.

Background.[2]  In 2003, several months after he and the plaintiffs' daughter had married, the defendant approached the plaintiffs about the possibility of investing in his real estate company, Russell Development, LLC.  They agreed, and lent the company a total of $150,000 in capital.[3]  In 2004, the defendant solicited additional loans from the plaintiffs.  Neither of the plaintiffs would have agreed to the loans if the defendant had not promised to provide written personal guaranties.  Both of the plaintiffs repeatedly asked the defendant to execute written personal guaranties; the defendant agreed to do so, but never did.  As of 2010, they had not received any repayment, and soon thereafter the plaintiffs filed the action that is the subject of this appeal.  At trial, the defendant admitted that he had promised to provide personal guaranties of the loans, but asserted that the Statute of Frauds barred recovery on the personal guaranties absent a writing.[4]  On special verdicts, the jury rejected the plaintiffs' contract claim, while awarding

---

[2] We recite the undisputed facts that were presented at trial.  Pelletier v. Somerset, 458 Mass. 504, 506 (2010).

[3] Initially, the plaintiffs were equity investors.  After their initial investment turned a profit, however, the parties agreed the investment and profit would be converted into loans payable with interest.

[4] See G. L. c. 259, § 1, Second ("No action shall be brought . . . [t]o charge a person upon a special promise to answer for the debt, default or misdoings of another . . . [u]nless the promise . . . is in writing and signed by the party to be charged therewith . . .").

them $357,565 in damages based on their promissory estoppel claim.

Discussion. On appeal, the defendant claims that because the Statute of Frauds bars recovery in contract on a personal guaranty absent a sufficient writing, it was error for the trial judge to send the case to the jury on a theory of promissory estoppel.[5] We review the judge's legal conclusion de novo. Anastos v. Sable, 443 Mass. 146, 149 (2004).

According to the defendant, where enforcement of a contractual promise would otherwise be barred by the Statute of Frauds, a plaintiff can prevail on a theory of promissory estoppel only if there is a partial writing or the plaintiff can show that the defendant fraudulently extended the promise at the time it was made. The defendant cites language from Brightman v. Hicks, 108 Mass. 246, 248 (1871), for this proposition.[6] As

---

[5] The defendant first raised the issue in a motion for summary judgment that was denied prior to trial. He raised the issue again at various points during the trial, including in an oral motion for a directed verdict made after the close of evidence and once more after the jury were instructed. At all relevant points, the trial judge noted that the defendant's objections were preserved, and the plaintiffs have not argued to the contrary.

[6] The defendant refers to the following language found at the end of the opinion: "There is no allegation of fraud on the part of the defendant, or that, at the time of making the promises relied on, he did not intend to perform them. A promise, upon which the statute of frauds declares that no action shall be maintained, cannot be made effectual by

an initial matter, we note that Brightman long predates the advent of the modern doctrine of promissory estoppel. Indeed, the term "promissory estoppel" did not even first come into use until the post-World War I period. See Boyer, Promissory Estoppel: Principle from Precedents: I, 50 Mich. L. Rev. 639, 640 & n.4 (1952). Nonetheless, we recognize that the language from the Brightman case could be interpreted as extending to the doctrine of promissory estoppel.[7] However, doctrinal developments reflected in more recent cases make clear that the Statute of Frauds does not bar recovery on a promissory estoppel theory.[8]

In Cellucci v. Sun Oil Co., 2 Mass. App. Ct. 722 (1974), S.C., 368 Mass. 811 (1975), this court endorsed the principle

---

estoppel, merely because it has been acted upon by the promisee and not performed by the promisor." Brightman, supra at 248.

[7] Both sides have brought to our attention that Brightman, a one and one-half page opinion from 1871 that has been cited in an appellate opinion only once since 1935 (and then for a different proposition), recently has been cited in multiple Superior Court decisions.

[8] Moreover, although the defendant's reading of Brightman would be plausible without the benefit of subsequent case law, there is nothing in that case that is inconsistent with permitting recovery under a promissory estoppel theory in the absence of fraud. The Brightman court held that a promise barred by the Statute of Frauds may not be enforced "merely" because it has been relied upon by the promisee. See Brightman, supra. Promissory estoppel requires more than "mere" reliance; it requires a showing that the promise was intended to induce reliance, and that such reliance was reasonable. Anzalone v. Administrative Office of the Trial Ct., 457 Mass. 647, 661 (2010).

that a party may be estopped from asserting the Statute of Frauds defense if, through its own representations or conduct, it induces "detrimental reliance." Id. at 728-729. Although the court did not use the term "promissory estoppel," instead referring to "an estoppel" occasioned by "detrimental reliance," the terms are used interchangeably in the case law.[9] See Johnny's Oil Co. v. Eldayha, 82 Mass. App. Ct. 705, 714 (2012). The formulation of the elements of a promissory estoppel theory provided for in Cellucci is similar to that found in the Restatement (Second) of Contracts § 90(1) (1981), which has been cited with approval in numerous Massachusetts cases.[10] In Cellucci, supra at 728, we said that, if these elements were present, the Statute of Frauds would not bar recovery. Subsequent cases have reaffirmed this principle. See Loranger Constr. Corp. v. E.F. Hauserman Co., 6 Mass. App. Ct. 152, 159, S.C., 376 Mass. 757 (1978) (finding it "doubtful" that G. L. c. 259, § 1, is applicable "where recovery is

---

[9] In Suominen v. Goodman Indus. Equities Mgmt. Group, LLC, 78 Mass. App. Ct. 723, 731 n.9 (2011), we noted that the Supreme Judicial Court has observed that the term "'promissory estoppel' . . . tends to confusion rather than clarity." Ibid., quoting from Loranger Constr. Corp. v. E.F. Hauserman Co., 376 Mass. 757, 761 (1978). As we said in Suominen, supra, although we recognize the confusing nature of the terminology, we will employ the more commonly used term "promissory estoppel," which the Supreme Judicial Court continues to use.

[10] See, e.g., Sullivan v. Chief Justice for Admin. & Mgmt. of the Trial Ct., 448 Mass. 15, 28 (2006); LeMaitre v. Massachusetts Turnpike Authy., 452 Mass. 753, 755 n.2 (2008).

otherwise warranted on the basis of promissory estoppel"); Simon
v. Simon, 35 Mass. App. Ct. 705, 711-712 (1994).  See
also Maffei v. Roman Catholic Archbishop of Boston, 449 Mass.
235, 255 n.30 (2007) (citing Cellucci with approval in outlining
elements of promissory estoppel that must be proved to pierce
Statute of Frauds shield).  These cases are in accord with the
position adopted in the Restatement (Second) of Contracts
§ 139(1) (1981) (promise inducing detrimental reliance is
enforceable notwithstanding Statute of Frauds where justice so
requires).

We are unpersuaded by the defendant's contention that a
partial writing is necessary to overcome the Statute of Frauds
defense in the context of promissory estoppel.  Promissory
estoppel is an equitable doctrine, and judges are to apply it
flexibly to avoid injustice.  See Harrington v. Fall River Hous.
Authy., 27 Mass. App. Ct. 301, 307 (1989).  It would work a
harsh injustice to permit the Statute of Frauds to bar recovery
for the plaintiffs where the defendant admits he induced the
plaintiffs' reliance by promising to execute a written
agreement, the absence of which he now seeks to use to avoid the
debt.  In this case, the defendant's trial testimony, like a
partial writing, performs an evidentiary function that obviates

the concerns implicated by the Statute of Frauds.[11]  Nor have our cases ever required, as the defendant argues, that the oral promise at issue was fraudulently made.[12]

Judgment affirmed.

---

[11] The defendant admitted at trial that he listed his business debts, which included at least part of the debt to the plaintiffs, on a financial statement submitted to the Middlesex Division of the Probate and Family Court Department in connection with his divorce proceedings.  The plaintiffs argue that this filing itself would constitute a partial writing if there were such a requirement.  Because we conclude that a partial writing is not necessary to recovery under a promissory estoppel theory, we do not reach the issue.

[12] The plaintiffs relied on promissory estoppel, not fraudulent misrepresentation, which would have required proof that the party making the representation had knowledge of its falsity.  See Masingill v. EMC Corp., 449 Mass. 532, 540 (2007).