DETERMINED IN THE

# SECOND DEPARTMENT

IN THE

## APPELLATE DIVISION,

### May, 1896.

In the Matter of the Judicial Settlement of the Account of JOHN McNEANY, as Administrator, etc., of PATRICK McNEANY, Deceased.

JOHN McNEANY, as Administrator, etc., of PATRICK McNEANY, Deceased, Appellant; MARY CURTIN, Assignee of MARGARET McNEANY, an Heir at Law, and Others, Respondents.

*Evidence as to personal transactions with a decedent — a witness to whom an administrator assigned before, and paid after, his intestate's death, a note, is competent.*

Where an administrator, prior to the death of his intestate, transferred to a third person a note purporting to have been made by the intestate, and subsequently, as administrator, paid the same, and the validity of such payment is disputed by the parties interested in the estate upon the accounting of the administrator, the third person to whom the note was transferred is a competent witness to give testimony tending to prove that the note was executed and was delivered for a good consideration.

APPEAL by John McNeany, as administrator, etc., of Patrick McNeany, deceased, from a decree of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on the 5th day of December, 1895, finally settling the accounts of the administrator, and directing the distribution of the balance of the estate in his hands.

*A. M. & G. Card,* for the appellant.

*Thomas H. Troy,* special guardian for the infant respondents.

BROWN, P. J.:

The administrator allowed and paid to Patrick S. Boylan the sum of $3,124, being the amount of principal and interest due on a certain promissory note alleged to have been made by the deceased and held by said Boylan. This payment was objected to by the special guardian on behalf of the infant contestants, and the questions presented upon this appeal relate to the rulings of the referee which excluded evidence offered to sustain the validity and the payment of this claim.

Patrick McNeany died December 29, 1891. He was the brother of John McNeany, the appellant, to whom letters of administration were issued, and he left surviving him, in addition to his brother John, as his next of kin, a sister and three infant nephews and nieces. The note in question bore date November 24, 1891, and was payable four months after date to the order of John McNeany, the appellant, with interest. It purported to have been signed by the deceased by making a cross as his mark, and it was witnessed by Boylan. It was claimed by the appellant, and there was testimony tending to support this claim, that the note had been transferred by him to Boylan on December 11, 1891, in consideration of the payment of the sum of $2,820, and it was alleged that the full amount due thereon had been paid to Boylan by the appellant in August, 1892.

The learned referee to whom it was referred by the surrogate to examine the account and to hear and determine all questions arising upon the objections thereto, and whose findings and conclusions were embodied in the decree, decided that the note was not proven to have been made and delivered by the deceased for a good consideration and that Boylan had not been proven to have been a *bona fide* holder thereof, and that the note was not a valid claim against the estate. It is a debatable question whether the referee did not err in holding that the burden of proof was upon the appellant to sustain the validity of the claim. (*In re Frazer*, 92 N. Y. 239.) We do not think, however, that that question is before us. There is testimony printed in the record tending to establish the validity of the note, and there are many circumstances shown which tend to discredit this evidence and to raise a strong suspicion that the claim was a bogus one.

Upon the hearing testimony of the appellant and of Boylan, which, if admitted, would have tended to prove the execution and delivery of the note for a good consideration, was excluded by the referee on the ground that it was inadmissible under section 829 of the Code of Civil Procedure, and the exception to this ruling is the only question necessary to be considered on this appeal. It may be conceded that the testimony of the appellant as to the transaction with the deceased which resulted in the execution and delivery of the note was inadmissible, both by reason of his being a party to the proceeding and of his interest in the event, but we are of the opinion that Boylan was a competent witness to sustain the claim. He was not a party to the proceeding, neither was he interested in the event. The claim of the appellant rested upon the allegation of payment of the note to Boylan. If that claim was true, and it was the only ground or basis upon which the matter came before the court, the surrogate's decree could have no possible effect upon Boylan. He had received the money on the note, and there is no possible theory upon which he could be compelled to refund it to the appellant. Even assuming that Boylan and the appellant had entered into a scheme to defraud the estate, the appellant could not compel repayment of the money to himself in case the execution of this scheme failed. In no possible view of the case can I see that Boylan's testimony was incompetent. He was not, however, called as a witness for the appellant. He was called by the contestants, and gave testimony which tended to throw some discredit upon his personal character and to raise some suspicion as to whether he was a person able to have become the purchaser of the note. It was upon his cross-examination that he was asked to state the transaction with the deceased in which the note was given, and which, upon the contestants' objection, was excluded. The referee's ruling might possibly be sustained, on the ground that the questions asked did not relate to proper cross-examination, and that if the appellant desired to prove the transaction with the deceased by Boylan he should have made him his own witness. But the objection to the testimony was not made upon that ground, and we cannot say that if it had been it would have been sustained by the referee. In this view the admission of the testimony would have rested in the discretion of the referee. We

think that Boylan was a competent witness to sustain the payment by the appellant. A similar question was presented in *The Matter of Frazer* (*supra*). There the executors had paid the claim of a man named Mullin, based upon an alleged contract which he had had with the deceased, and it was held that Mullin was a competent witness to sustain the claim.

For the error in excluding Boylan's testimony the decree must be reversed, and there must be a new trial, with costs to abide the event, and payable from the estate.

All concurred.

Decree reversed and new hearing ordered, with costs to abide the event, and payable from the estate.