In the Matter of the Judicial Settlement of the Account of Proceedings of Sarah K. Hepner, as Administratrix of the Goods, Chattels and Credits of Samuel I. Hepner, Deceased.

Surrogate's Court, Bronx County, August 4, 1924.

Executors and administrators — accounting — administratrix surcharged with value of bonds claimed by her as gift — administratrix surcharged with amount paid for burial lot unless deed is taken in her name as administratrix — payment by administratrix to herself for expenses incurred and paid by her in last illness of intestate improperly made — payment is ratified, however — creditors whose claims were paid in full not incompetent witnesses under Civil Practice Act, § 347 — payment of life insurance to mother of intestate, former beneficiary, improper although made by oral direction of intestate.

The account of an administratrix will be surcharged with the amount of Liberty bonds, together with such interest as she may have received thereon, where she fails to establish by a fair preponderance of clear and convincing evidence that the bonds were given to her by the intestate.

An administratrix will be surcharged with the amount paid for a burial lot where it appears that the agreement for the purchase thereof was made in her own name and that the deed has not been delivered, unless she has the deed or other evidence of title thereto made in her name as administratrix.

An administratrix does not have the right to pay herself the amount expended by her in the last illness of the intestate unless such payment is proved to and allowed by the surrogate as required by section 212 of the Surrogate's Court Act, but such payment may be ratified if the court is satisfied that justice requires that this should be done, and in this case the payment is ratified, since it appears that the intestate was the husband of the administratrix and that the evidence, while not very definite, shows that the money was expended as claimed by the administratrix.

Two creditors whose claims have been paid in full were not incompetent under section 347 of the Civil Practice Act to testify in this proceeding.

An administratrix does not have power to pay the amount received on a life insurance policy to the mother of the intestate where the intestate had changed the beneficiary so as to make the policy payable to his estate, although such payment was made, as claimed by the administratrix, at the oral direction of the intestate; such direction is in the nature of a testamentary disposition and cannot be given effect.

PETITION by administratrix for the judicial settlement of her account.

*Manheim & Wachtell,* for the administratrix and accountant.

*Felix A. Muldoon,* special guardian and contestant.

SCHULZ, S.   Upon the petitioner's consent with respect to some of the items objected to by the special guardian, the following disposition is made as to them:

She is surcharged with the sum of $75, the amount collected on account of the chattel mortgage of Kaplan and Laplan; with the sum of $150, the amount collected on account of the chattel mortgage of Dennison & Son; with the sum of $350, the value of decedent's automobile, and with the sum of $103, the additional amount collected from the " Paper Box Leader." She is charged with the amounts invested in the purchase of securities, as shown by a statement thereof introduced in evidence, together with the net profit thereon, as cash, but is not credited with loss, if any there be, resulting from such investments. She is disallowed the sum of $2,250 of the two items of credit claimed for attorney's fees, aggregating $5,000 in schedule C-2, the remainder of such items to be compensation for all services rendered by such attorneys down to and including the entry of the decree on this accounting. She is disallowed the sum of $450, paid to L. Kossover for money alleged to have been advanced to pay salaries due and the sum of $3,155, the latter being part of the two items for attorney's fees, aggregating the sum of $9,155, set forth in schedule C-3. Schedule D-1 of the said account is considered as eliminated therefrom and she is disallowed the total amount of credit therein claimed, to wit, $12,000.

I now proceed to a consideration of the matters remaining to be determined.

It appears that Liberty bonds of the face value of $2,000 which had been purchased by the decedent were in the hands of his bankers, held for his account at the t me of his death. These were not accounted for, being claimed by the petitioner as a gift. The burden of establishing such a gift is upon the petitioner, and, while only a fair preponderance of evidence is necessary, such evidence must be clear and convincing *Matter of Ho sman*, 224 N. Y. 525: *Matter of Van Alstyne*, 207 id. 298; *Rosseau* v. *Rouss*, 180 id. 116; *Matter of Schroeder No. 1*, 113 App. Div. 210. The evidence offered was not suffic'ent to sustain the burden and she will be surcharged wi h the amount of such bonds together with such interest as may have been received by her thereon.

The petitioner paid the sum of $1,225.83 for a burial plot, making the agreement therefor in her own name. It does not appear that a deed thereof, as provided by this agreement, has yet been delivered. The amount expended, in view of the size of the estate, is not exorbitant, but the title to the lot shou'd be in the name of the petitioner as administratrix. She will, therefore, be surcharged with such amount, less the sum of $300 stated to be the price of a grave, unless she has the deed or other evidence of title thereto made as indicated.

The payment of $1,000 by the petitioner to herself was improperly made for the reason that it had not been proved to and allowed by the surrogate. Sur. Ct. Act, § 212. It may, however, be ratified if the court is satisfied that justice requires that this should be done. The evidence fails to disclose all of the items aggregating this amount, with the definiteness that might be designed. It does appear, however, that she did pay for nurses, medicines and the general expenses of maintaining the household during the decedent's illness, for which no charge is made against the decedent's estate. It must be remembered that the petitioner. was the wife of the decedent and while it would, of course, have been desirable that she keep a record of expenditures, this omission is perhaps excusable in the light of the circumstances that her husband was seriously and, as it proved fatally ill when the expenditures were made. Under all of the circumstances the evidence appears to me to indicate that her claim is a just one and hence I shall ratify the payment made and dismiss the objection to it.

The testimony of the petitioner as to the item of $770 paid to redeem her jewelry seems to be partly corroborated by the testimony of a witness not shown to have any interest in the matter and by memoranda of the Provident Loan Society to the extent of $756. The petitioner is disallowed the difference between the

item as claimed and as shown by the memoranda referred to, to wit, $14, and the objection sustained to that extent.

In the course of the hearing objections were made to the competency, as witnesses, of two creditors whose claims had been paid in full, upon which decision was reserved and their testimony tentatively taken. I now overrule these objections and permit the testimony to stand, granting an exception to the special guardian in each instance. See *Matter of Frazer*, 92 N. Y. 239; *Matter of McNeany*, 5 App. Div. 456; *Matter of Herrington*, 73 Misc. Rep. 182; Greenfield's Treatise on Testimony, under section 347, Civil Practice Act, § 65. Such testimony must, of course, be weighed and considered in the light of the interest which the creditor has and of the fact that the debtor is dead. The testimony of the creditor Max Matt is corroborated in part, at least, by that of a witness who appears to be disinterested and by memoranda of the Provident Loan Society in evidence, and I dismiss the objection to the payments made to him.

As to the item of $1,600 paid to Annie Hepner, I dismiss the objection to $600 thereof, being the amount paid to her for the jewelry which she loaned to the decedent. The circumstances with reference thereto were similar to those with respect to a part of the claim of the creditor Max Matt and were also partly corroborated by the witness Matt and by another witness, and by memoranda of the Provident Loan Society. The remaining $1,000 appear to have been the death benefit paid under a policy of insurance upon decedent's life, which had been payable to the decedent's mother, but in which the beneficiary had been changed, so that at his death it was payable to his estate. It was claimed by the petitioner that she had paid the amount pursuant to a direction from the decedent that she do so. Such a direction was in the nature of a testamentary disposition and directly contrary to the provisions of the policy and cannot be given effect, and the said payment must, therefore, be disallowed.

The objection to the item of fifty-two dollars paid to L. S. Kossover for money advanced to pay the salary of Moe Hepner, is dismissed.

The special guardian has withdrawn his objection to a part of the item showing payments made to L. S. Kossover for money loaned and I dismiss the objections to the remainder of said item.

An allowance will be made to the special guardian payable out of the estate.

Settle decision and decree accordingly.

Decreed accordingly.