HARRIS v. R. W. HART & CO.

No. 31294. Oct. 24, 1944.

Rehearing Denied Jan. 9, 1945.

*154 P. 2d 759.*

F. E. Riddle, of Tulsa, for plaintiff in error.

A. C. Saunders, of Tulsa, for defendants in error.

PER CURIAM. On the 24th day of August, 1933, James A. Harris, hereinafter called plaintiff, commenced this action against R. W. Hart & Company, a partnership, et al., to recover 25 per cent of the amount paid to the defendants, R. W. Hart & Company, certified public accountants, for refunds in tax claims for the years 1922, 1924, 1925, 1926, and 1927. The refunds were made to nine Rollstone corporations operating as the Continental Petroleum Company and these corporations are involved in this proceeding nominally and incidentally. The date of August 24, 1933, the date of filing of the action, is very material in a discussion of the proceeding and should be constantly noted.

The court first tried the question of whether the plaintiff and the defendants, R. W. Hart & Company, were engaged in a joint venture, and having found that they were so engaged, the part of the record constituting a determination of this question is not presented by either the plaintiff or the cross-appellants. Subsequent to the determination of the question of joint venture the court proceeded to conduct an accounting between the parties, and at the conclusion of the trial to the court without the intervention of a jury judgment was rendered for the plaintiff for $2,966.02, with interest thereon from the 28th day of July, 1942. The plaintiff has appealed on the theory that the judgment is inadequate, and the defendants, R. W. Hart & Company, have appealed attacking the correctness of any judgment against them. The record discloses that plaintiff sought recovery of $7,500 which he alleged to be one-fourth of the amount paid to the defendants. At some stage of the proceeding not definitely disclosed, James A. Harris, plaintiff herein, assigned his interest in the claim to Addie Deichman, which is also incidental and not involved in a discussion of the question presented on the appeal. Reference to the plaintiff shall mean James A. Harris and reference to the defendants, R. W. Hart & Company, certified public accountants, unless other specific reference is made necessary.

After the petition had been filed on August 24, 1933, the defendants filed a response in a proceeding on injunction in which it is stated that the claim for the refund for taxes for the year 1922

6

had been abandoned as hopeless. Defendants support this by an affidavit of one of the members of the partnership of R. W. Hart & Company. Plaintiff thereafter dismissed his action and the case proceeded in its first stages on the theory that the 1922 claim had been abandoned, and at the time, plaintiff was not entitled to any amounts by reason of recovery for the 1922 taxes. The accounting feature of the case was tried commencing June 3, 1942, long after a former adjudication as to the relation of the parties and long after the commencement of the proceeding to empound certain funds of the R. W. Hart & Company deposited in a local bank, and at the trial of the present proceeding defendants established that the attempt to collect the refund for the 1922 taxes had been revived. The expenses incurred in the revivor of the 1922 tax claim is one of the chief sources of contention between the parties and that should be kept constantly in mind in this discussion.

The trial court found:

"That by virtue of a joint adventure engaged in by plaintiff and R. W. Hart & Company, and its members and on account of the contract made between said parties bearing date September 6, 1929, said plaintiff herein, James A. Harris, is the absolute owner and entitled to recover 25 per cent of the net profits or amount earned, paid to, and received by the said R. W. Hart & Company and its members, from Continental Petroleum Company under said contract and services rendered, $7,000.00 of said earnings are now on deposit in the National Bank of Tulsa, Oklahoma, the exact amount due plaintiff to be determined by an accounting to be made and had.

"The defendants in the prosecution of said joint adventure, pursuant to contract with the Continental Petroleum Company and the verbal agreement with the plaintiff, received the sum of $46,157.23; that the defendants' disbursement, pursuant to said contract, was the sum of $34,293.25. That the net proceeds resulting from the prosecution of said joint adventure is the sum of $11,864.08; that the plaintiff is

entitled to an undivided twenty-five per cent thereof of the sum of $2,966.02 with interest from the 28th day of July, 1942; that there is now on deposit in the National Bank of Tulsa held under the temporary injunction issued herein at the instance of the plaintiff, upon special deposit in the sum of $7,000.00 to await the final judgment in this action.

"It is, therefore, considered, ordered, adjudged and decreed by the court that the plaintiff have and recover as trustee for the use and benefit of his sister, Addie Deichman, out of and from the money on deposit in the National Bank of Tulsa, Oklahoma, the sum of $2,966.02, with interest thereon from the 28th day of July, 1942, to this date at the rate of six per cent per annum."

There is no dispute about the amount of $46,157.23 received by the defendants. The first argument presented is proposition one, which is divided into three subdivisions. Plaintiff asserts that the court erred in allowing any testimony of any expenses incurred in connection with any of the claims after the date of dissolution of the partnership. It is plaintiff's position that when defendants collected the $46,157.23 and concealed the collection, the dissolution of the joint venture was effected and any agency of any of the defendants revoked, and thereafter the plaintiff was not to be charged with any of the expenses incurred in attempting to collect the claims. The trial court consistently refused to adopt this theory and in this there was no error. Plaintiff was entitled under his contract to one-fourth of the amount paid the defendants less expenses or one-fourth of the net amount recovered, and the question presented is, what, as a matter of law, constitutes legitimate expenses incurred in recovering the $46,157.23?

Aside from proposition one above the controversy arises over two matters. The first is the claim referred to as the 1922 claim and was a claim prosecuted in and out of court for the refund of the 1922 taxes. The expense for the attempted collection of this claim is included in the $34,293.25 allowed by the

court. It is the position of the plaintiff that no expense incurred in connection with this claim is authorized after March 1, 1934, when the defendants filed their response and affidavit in the proceeding stating that the claim had been abandoned. In 1934 the defendants came to the conclusion after repeated conferences and consultations with the various federal departments that this claim could not be sustained. They therefore filed the response and affidavit above referred to on March 1, 1934. Thereafter plaintiff dismissed his second cause of action stating that any claim therefor was premature. Thereafter the attempt to collect the 1922 taxes was revived and a great portion of the expense involved in the prosecution thereof was allowed as heretofore stated, and in this there was no error though there had been no refund on the 1922 tax claim at the time of the entry of the judgment herein. Plaintiff in his dismissal did not abandon any right to recover any portion of this claim if collected. He frankly admitted that if any collection was made thereon, he would be entitled to his proportion thereof.

The second matter is presented in paragraph (a) of proposition two on subsequent paragraphs. The first item of which complaint is made is $3,500 to J. K. Keenan, a geologist, for maps and reports in connection with the claim. The argument is that the claim has not been paid to Keenan and that it is barred by the three-year statute of limitation. This could only be raised by defendants against Keenan. The defendants stated that it was an authorized expense and that they intended to pay it. There is no evidence in the record that the claim is barred and the bar of the statute of limitations is not available to the plaintiff in this proceeding as to this part of the claim of legitimate expense.

The remaining items of proposition two, three, four, and five all present argument as to the sufficiency and competency of the evidence to establish certain items of expense. The chief contentions of the plaintiff in this respect are that the defendants kept no books of account; that hotel bills and meals and incidental expenses on trips to Washington were too high; that the court erred in allowing 200 trips to Bristow, the home of the Rollstone Corporations and Continental Petroleum Company, at $5 per trip from Tulsa, Okla.; and that the court erred in allowing the defendants as witnesses to refresh their memories from their recollection of reports of expenses as listed in income tax returns.

The witnesses testified that they were a partnership consisting of a family; that they kept no partnership books. On several of the trips to Washington plaintiff accompanied the defendants or such of the defendants as made the trip. It is not denied that any trip was made as testified to by the defendants. Plaintiff does rely upon the fact that on some of these trips the defendants transacted business relating to other claims while in Washington. In addition to the Washington trips it was necessary to make trips to Little Rock, Ark., Bristow, Okla., and Oklahoma City. As defined by the trial court the negotiations and consultations were vast and involved. Much of the evidence is uncertain due to the fact that there were no books of account. However, defendants had rather complete records of their checks and as to these their testimony is definite and worthy of belief, if the trial court saw fit to believe the same, and constitutes competent evidence of transactions and the related expenses involved. Where partnership books of account were not properly or accurately kept and do not disclose the actual state of affairs, the court may resort to the best evidence obtainable to ascertain the true state of the account. 47 C.J. p. 1243, par. 957. The trial court disallowed all items of expense in connection with overhead of R. W. Hart & Company which had been charged to the plaintiff. He also reduced by 25 per cent the claims for hotel bills and incidental expenses. He allowed all of the attorneys' fees, which is a large proportion of the $34,293.25. We have carefully reviewed all of the testimony and

each item involved in the expenses and are not 'prepared to state that the finding of the trial court is clearly against the weight of the evidence.

The argument presented by the plaintiff which we shall next discuss is that the trial court erred as a matter of law in not allowing interest from the date of the receipt of the $46,157.23 on the proportion to which plaintiff is entitled. Manifestly, it would be unfair to allow interest in a cause of this nature. The proceeding on appeal reveals that there was never a time at which the parties could have concluded that a definite amount was due. Both parties are now asserting that the judgment is incorrect. The general rule appears to be that, in the absence of an agreement to the contrary, interest is not to be allowed on partnership accounts until after a balance is struck. 40 Am. Jur. Partnership, par. 354.

The defendants have presented in a cross-appeal the proposition that there is no evidence of an obligation to plaintiff, and that the judgment for plaintiff is clearly against the weight of the evidence. In our opinion the evidence amply supports the conclusion that such an agreement as alleged by the plaintiff was entered into, and we are further of the opinion that the court was fair in calculating the expenses authorized.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, HURST, and ARNOLD, JJ., concur.