DEICHMAN, Adm'r, v. HARRIS et ux.

No. 32422. June 24, 1947.

*182 P. 2d 751.*

Geo. W. Reed, Jr., of Tulsa, for plaintiff in error.

F. E. Riddle, of Tulsa, for defendants in error.

WELCH, J. James A. Harris sued R. W. Hart & Company and obtained a money judgment in favor of Harris for the benefit of his assignee, Adelaide Deichman, his sister. Upon appeal the judgment was by this court affirmed on October 24, 1944; Harris v. R. W. Hart & Co., 195 Okla. 5, 154 P. 2d 759. Adelaide Deichman died January 4, 1944. On November 6, 1944, Peter Deichman filed a motion in the district court to

revive the judgment in the name of Peter Deichman, as administrator of the estate of Adelaide Deichman, deceased, with waiver of notice and consent to revivor by Hart & Company. On the same day, the district court entered an order of revivor in accord with the motion.

On November 15, 1944, an order of revivor of judgment in the name of Deichman, as administrator, was entered by a Justice of the Supreme Court upon application by Deichman showing entry of appearance and consent to revivor by Hart & Company, and upon showing by certified copy that said judgment was revived by the district court on November 6, 1944.

On December 18, 1944, James A. Harris filed in the district court a motion to vacate the order of revivor made November 6, 1944, asserting lack of jurisdiction to make said order for the reason that he as plaintiff was alive; that he had no notice of application for the order; that the administrator had no interest in the judgment; that the cause of action was pending in the Supreme Court.

On December 26, 1944, Harris filed in this court a motion to vacate order of revivor. Thereafter, on January 23, 1945, this court issued mandate in Harris v. R. W. Hart & Co., supra, and on the same day denied the Harris motion to vacate. Said mandate was spread of record in district court on January 25, 1945.

On January 26, 1945, Harris filed in this court a motion to recall the mandate and a further motion to vacate the order denying his motion to vacate the order of revivor, which motions were denied on January 30, 1945.

On February 23, 1945, James A. Harris, joined by Aileen Harris, his wife, filed in district court an amended motion to vacate the order of revivor made on November 6, 1944, asserting lack of jurisdiction for reasons that he as plaintiff was given no notice of the motion to revive; that the deceased was not a party to the action; that Adelaide Deichman at the time of her death had no interest in said action or the judgment; that Aileen Harris by assignment had acquired the interest of Adelaide Deichman in the judgment.

Thereafter, Peter Deichman, as administrator, filed motion to strike the Harris motion and amended motion, and also filed response thereto denying all allegations therein contained and asserting that the order of this court refusing to vacate the order of revivor in this court became res adjudicata. In the response the administrator further pleads that the deceased, Adelaide Deichman, had become non compos mentis and was incapable of executing a valid assignment of the judgment, and that if there was an assignment the same was made without consideration.

Upon trial of the issues formed by the last mentioned motions and the response, the district court overruled the motion to strike and made a finding that Adelaide Deichman, on June 25, 1942, made a valid assignment of all her interest in the judgment of Aileen Harris; that Peter Deichman, administrator, has no interest in the judgment; that the order of revivor was made without notice to plaintiff, James A. Harris, and was void; and thereupon judgment was entered vacating the order of revivor, and adjudging Aileen Harris to be the owner of the judgment. The administrator appeals.

All assignments of error are presented under two propositions:

First: (A) That the issues presented to the trial court by the Harris motion to vacate the order reviving the judgment in the name of Peter Deichman, administrator, had already been presented to and passed upon by the Supreme Court; and (B) under the rule of stare decisis the order of the Supreme Court, at a time when it had exclusive jurisdiction of the revivor pro-

ceedings and the entire case on appeal, denying the motion of Harris to vacate the order of revivor entered in the Supreme Court on November 15, 1944, became, and was the law of the case, and the lower court was thereafter bound by said ruling and decision and should have refused to take any action inconsistent therewith.

The administrator's argument is based on the assumption that this court had exclusive jurisdiction of any proceeding to revive the judgment during the pendency of the appeal in Harris v. R. W. Hart & Co. It may be said herein, as was said in Jones v. Nye, 56 Okla. 578, 156 P. 332:

"The filing of a supersedeas bond and the institution of a proceeding in error in the Supreme Court did not operate further than to stay proceedings on the judgment. The district court had the power to revive the judgment pending the appeal in the manner prescribed by the statute. Central Branch U. P. Ry. Co. v. Andrews, 34 Kan. 563, 9 P. 213."

The order of a Justice of this court on November 15, 1944, reviving the judgment, makes a finding that said judgment was revived by the district court on November 6, 1944, in the name of Peter Deichman, administrator, and enters the same order here. No proceeding was brought here for review of the district court order for revivor, and under the circumstances in this case the filing in this court of motions to vacate did not require a determination of the correctness of the order made by a Justice of this court. The judgment had been affirmed and upon issuance of mandate by this court, the stay of proceedings on the judgment was removed and the proceedings for the collection of the judgment, and by the proper persons, was left for determination of the district court. No order or direction was made to the district court in the mandate with reference to the parties to the judgment except as they appeared when the judgment was brought to this court for review. The effect of the denial of the motions to vacate the order of revivor, at the time of and after the issuance of mandate, was to deny that the question was properly here as to who was the rightful party to collect the judgment; and was not a determination of the issues of law presented by the motions.

The administrator next contends that the court erred in the admission of evidence in favor of the Harrises and that the judgment and decision is not supported by the evidence.

F. E. Riddle, a witness for plaintiff, and attorney for plaintiff, testified that, on June 25, 1942, Adelaide Deichman appeared at his office and in the presence of James A. Harris and Aileen Harris executed an assignment of her interest in the judgment to Aileen Harris; that he saw Mrs. Deichman sign the instrument.

The assignment was introduced in evidence. It recites that it was executed for valuable consideration. There was no evidence offered in denial of her signature on the instrument or in denial of the recitation that it was for a valuable consideration.

The administrator made objection to the competency of Riddle to testify on the ground that he claimed an interest in the judgment and herein cites 12 O. S. 1941 § 384, and contends that he was incompetent to testify concerning a transaction with the deceased. At the trial it was admitted that there was no controversy as to his claim of attorney's fee and that he is not an adverse party to the claim of the administrator. There is no contention that Riddle claims any interest under the assignment. The objection was properly overruled.

The administrator contends there was error in the admission of the testimony of James A. Harris and his wife, Aileen Harris, one being an interested party and the other a spouse of the interested party, and cites applicable statutes. Their testimony in chief concerned only

the details of the execution of the assignment. The fact of the execution of the assignment was not disputed by the administrator and its execution was established by other testimony. It would thus appear that if error was committed in the admission of their testimony the adverse party suffered no harm. James A. Harris was called in rebuttal and testified concerning his past relations with Peter Deichman and his deceased sister, Adelaide Deichman, but no objection was made as to his competency at that time.

The administrator presented testimony to show that on the date of the execution of the assignment and for several years prior to that date, Adelaide Deichman was in weak mental condition and not mentally normal; that in the year following its execution she was adjudged incompetent and thereafter was committed to an insane asylum at the instance of James A. Harris; that for several years many of her actions were influenced by her brother, James A. Harris.

Plaintiff in rebuttal presented testimony to show that Adelaide Deichman, at the time of the execution of the assignment and for several years previous, was and had been conducting routine business affairs in a normal manner. Each witness expressed an opinion, based upon personal dealings with the deceased, that she was not incompetent and appeared capable of transacting business affairs.

We think the finding of the trial court that Adelaide Deichman, with competence and for valuable consideration, on June 25, 1942, assigned all her interest in the judgment to Aileen Harris, is supported by competent evidence and is not against the clear weight thereof.

The order and judgment is affirmed.