J. D. DOWELL, Administrator of the Joint Estates of A. H. Dowell and Rosamond Dowell, both Deceased, Plaintiff in Error,

v.

Etta DOWELL, Administratrix of the Estate of Al Alonzo (A.A.) Dowell, Deceased; and Etta Dowell, Administratrix with will annexed of the Estate of Oscar L. (O. L.) Dowell, Deceased, Defendant in Error.

No. 37154.

Supreme Court of Oklahoma.

Sept. 24, 1957.

Rehearing Denied Oct. 22, 1957.

P. D. Erwin, Chandler, for plaintiff in error.

Richard James, Stroud, Dale B. Sutton, Chandler, for defendant in error.

WELCH, Chief Justice.

This action was brought in purpose to settle and close the partnership affairs of a partnership known as A. H. Dowell & Co.

It appears that about the year 1923, A. H. Dowell and his two sons, A. A. Dowell and W. M. Dowell, entered into an oral partnership agreement to do business together under the trade name of A. H. Dowell & Co. The said partnership carried on a general mercantile business thereafter.

In 1929 A. H. Dowell, one of the partners, died. At the time of his death there existed considerable property, consisting of liquid assets and real estate that had been contributed to the partnership operations by the various members of the partnership. Upon the death of A. H. Dowell in 1929, he left his surviving partners, A. A. Dowell and W. M. Dowell who were also his sons. In addition to these surviving heirs he also left other sons and a daughter, and his widow.

The assets of the partnership were never fully distributed nor was there an administration of the estate of A. H. Dowell, deceased. In 1947 the surviving partners, sons of A. H. Dowell, deceased, who were his partners, and another son made division of the liquid assets that had belonged to the partnership. There remained some real estate that belonged to the partnership.

After a lapse of many years, and by 1953, all the surviving partners and direct heirs of A. H. Dowell, deceased, had died.

In 1954 Etta Dowell, as administratrix of the estate of the last surviving partner, and as administratrix of another of the sons of A. H. Dowell, deceased, filed this action.

Her petition set forth the foregoing statement of facts, but with greater particularity as to details of the parties' transactions.

In 1953 J. H. Dowell was appointed administrator of the joint estates of A. H. Dowell, deceased, and his deceased wife.

The plaintiff brought this suit against the said J. H. Dowell, administrator, and others, remote heirs of A. H. Dowell, deceased, and who might have claims against the estate of A. H. Dowell, deceased.

The plaintiff prayed judgment that the past division and distribution of the liquid assets of the partnership be approved and confirmed by the court, and that the court order the sale of the remaining real estate which had belonged to the partnership, and that the proceeds thereof be divided between the heirs of the deceased members of the said partnership.

The defendant, J. H. Dowell, as administrator and for himself and for others, claimants from the estate of A. H. Dowell, deceased, filed a general denial to the plaintiff's petition.

At trial there was evidence presented to sustain the general statement of facts set out above, and with many particulars not here set out.

The trial court found for the plaintiff and entered a judgment settling and approving the former distribution and settlement of the liquid assets of the original partnership, and further ordered the immediate sale of all that remained, the same being real estate, and that the proceeds therefrom be distributed to all those who are heirs of the members of the former partnership.

The defendants, on appeal, asserted a partnership business must be settled by the surviving partners, with a legally appointed representative of the estate of the deceased partner; that the surviving partners are but trustees of the funds and property of the partnership and the court cannot authorize an accounting to the heirs of the deceased partner, but only to the administrator of the deceased partner.

54 O.S.1951 § 54 provides:

"* * * On the death of a partner, the surviving partners succeed to all the partnership property, whether real or personal, in trust for the purpose of liquidation, * * * and the interest of the deceased in the ultimate distribution of the partnership assets passes to those who succeed to his other personal property."

58 O.S.1951 § 255 provides for the appointment of an administrator of the estate of one at time of death who was a partner, and that the surviving partners shall account to said administrator for the deceased partner's interest in the partnership property.

Herein, no administrator was appointed as to the estate of A. H. Dowell until 1953. The record reveals that an equitable settlement of all of the liquid assets of partnerships was reached between all of the then living heirs of A. H. Dowell, deceased, in 1947, at which time there was no administrator of the A. H. Dowell estate. The trial court held that this settlement was equitable and just and approved the same. In the case of Scott v. Beams, 10 Cir., 122 F.2d 777, 778, the Federal Court said:

"For reasons of public policy, the law looks with favor on voluntary adjustment of conflicting claims of decedent's estate by family settlement contract, courts encourage such agreements, and they will ordinarily be upheld when made with full understanding of facts and without fraud, undue influence or other impositions."

The plaintiff in error does not here contend that the trial court was without jurisdiction, but that it was in error in not requiring payment over to administrator of estate of A. H. Dowell, deceased. We cannot agree with plaintiff in error in view of the case above, and Hoge v. Hammonds, 192 Okl. 145, 134 P.2d 559, 560, wherein it was held:

"Where an action for an accounting has been brought in a court of general equitable jurisdiction, it is the duty of such court when it finds that an ac-counting is proper to conduct the same and to try all of the issues involved and to administer full relief to the parties."

It is clear from the record, that we have presented here one of those loosely construed, but not unusual, characteristic family arrangements.

 This is a case of equitable cognizance, and the determination and judgment of the trial court should not be disturbed unless clearly against the weight of the evidence as sustainable under any legal theory. Stallings v. White, 194 Okl. 649, 153 P.2d 813, and Harris v. W. R. Hart & Co., 195 Okl. 5, 154 P.2d 759.

There does not appear from the record that there is any dispute as to the evidence, therefore this court will not disturb the judgment of the trial court.

Judgment affirmed.