**Jim W. MACKEY, Executor of the Estate of Phillis Johnson, Deceased, Plaintiff in Error,**

v.

**Louetta CHANNEL, Defendant in Error.**

No. 39460.

Supreme Court of Oklahoma.

April 10, 1962.

Boatman, Pugsley & Boatman, by A. N. Boatman, Okmulgee, for plaintiff in error.

O. B. Martin, Oklahoma City, for defendant in error.

PER CURIAM.

This is an appeal by Jim W. Mackey, Executor of the Estate of Phillis Johnson, deceased, (defendant below) from a judgment for $4000 in favor of Louetta Channel (plaintiff below). The parties will be referred to as they appeared in the lower court.

This is the second appeal in this case. The first appeal was taken by the plaintiff from an order of the trial court denying the plaintiff the right of trial by a jury and sustaining the demurrer of the defendant to her evidence.

In disposing of that appeal, Channel v. Mackey, Executor, Okl., 345 P.2d 870, we reversed the trial court and held that there was error in refusing the plaintiff's request for a jury trial and in sustaining a demurrer to plaintiff's evidence. The cause was reversed with directions to grant plaintiff a jury trial.

Reference is made to our prior opinion for a full statement of the nature of plaintiff's action and her evidence whereby she sought to recover the value of her services rendered to Phillis Johnson. On the new trial the cause was tried to a jury and the plaintiff used the same witnesses that she had used at the former trial and also an additional witness. They testified in substance to the same facts as they did in the first trial.

Defendant urges in his first proposition that plaintiff's evidence was insufficient to justify submitting the cause to the jury and that the demurrer thereto should have been sustained. Under this proposition defendant contends there was no proof of a contract that deceased was to pay plaintiff for her services; that plaintiff relied solely on the generosity of deceased to make some provision for plaintiff in deceased's will; and that if there ever was such a contract then it was breached by plaintiff. All of these contentions, based on practically the same evidence, were considered in our prior opinion.

■ From a thorough examination of the evidence and relying on the authorities cited in the prior decision, we find and hold as we did in that opinion:

"Plaintiff's evidence tended to establish the existence of an agreement with the deceased to compensate her for these services by providing for plaintiff in deceased's will; that such services were performed by plaintiff; the reasonable value of such services; and that such compensation had not been paid. This evidence was sufficient to warrant submission of the case to the jury. * * *"

Defendant also contends that the trial court erred in permitting plaintiff to testify to certain transactions had with the decedent, contrary to 12 O.S.1961 § 384, known as "The Dead Man's Statute." The testimony complained of was in response to a question as to what kind of work plaintiff performed. Plaintiff answered "Did maid's work then" and "I did farming work and housework."

■ Defendant cites no decisions in support of his contention, but it appears defendant is relying on the rule that under the statute disqualifying witnesses to transactions with decedents, a party to a civil action against an executor is incompetent to testify, in his behalf, to facts which will raise an implied contract between such party and the decedent. Mitchell v. Koch, 193 Okl. 342, 143 P.2d 811, and Pancoast v. Eldridge, 157 Okl. 195, 11 P.2d 918. From our examination of the record it clearly appears that there is no dispute that plaintiff performed services for the decedent. All of plaintiff's witnesses testified that plaintiff performed the described services for decedent. All witnesses for the defense testified plaintiff did some work in and about the household while she was staying with decedent. The decedent was described as a "herb doctor" and it was defendant's theory and defense that plaintiff was sick and performed the services as payment for treatment in curing the ailments of plaintiff. The jury's verdict decided this contention adversely to defendant.

■ It is our conclusion that where the circumstances are such that the entire testimony of a witness was merely corroboration of other competent evidence produced by all parties to the action, any error in the admission of testimony of such witness because of alleged incompetency of witness was harmless. Gibbs v. Barksdale, 199 Okl. 141, 184 P.2d 755, 2 A.L.R.2d 345, and Diechman v. Harris, 199 Okl. 33, 182 P.2d 751. The defendant's contention has no merit.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.